Good morning. I am Inga Parsons and I am appointed counsel for Nancy Gray. I would like to reserve five minutes of my time for rebuttal. Alright. Ladies and gentlemen, justices of the court, and my abled co-counsel, I want to focus on the issue of the jury instruction on this case. I think it is one of the most critical issues in the case because at the end of the day and the end of the trial, my client was convicted on a lesser burden than should have been presented for the jury. Even if the government's common law definition of what they want to claim was malice, the point is that that definition was never read to the jury. What the jury had at the end of the day is that they could convict Ms. Gray for an improper motive. That is not the law. That is not a criminal statute. The case of United States v. Tobin, which is a Second Circuit case, provides quite a bit of guidance in this issue. Because the concern is that when you have a requirement of malice, when you have a requirement of evil purpose or motive, which was the standard requested by the defense, that good faith and unjustifiable type language is not sufficient to impart the necessary level of criminality. This was the point that was made to the judge. The judge refused to correct the jury instruction so that it would say evil purpose and evil motive. The judge said that the jury could not understand what that would mean. But in fact, the judge had instructed the jury that they could consider for themselves what that evil purpose or motive would be. My concern and the concern of the court should be that at the end of the day when you have something that means improper, it could be anything that the jury disapproves of. As I noted in my papers, it is improper to put a tissue in an engraved wedding invitation. It is improper to set your knife on your plate unless the edge is toward the middle of the plate. The difference between evil and improper purpose strikes at the heart of the elements of the offense and the proper thing for the judge to do would have been to include evil as an adjective for both motive and purpose, which is what the judge did at the outset. In refusing to do so, the judge ends up with a statute that allows my client to be convicted on something that the jury just simply disapproves of. So what does evil mean? Why isn't there the same problem with respect to a no further definition of evil? Well, evil actually, the evil purpose or motive, because you're talking about an element of malice, Your Honor. And it's interesting because when the government submitted their jury instruction, they submitted a jury instruction from the Fourth Circuit. It was a 1999, 1996 case. There was a 2000 case that was subsequently delivered by that court where they noted that when you incorporate an evil purpose or motive component, that that more accurately reflects the proper legal standard. And you have something beyond improper. You have something that is evil that goes beyond simply you put a tissue paper in your wedding invitation. But if the term evil is subsumed in the term improper, then I don't know why you would have the two. Isn't it just as fair to assume that the word improper is somewhat informed by the word evil in the first part of that instruction? No, Your Honor. I think it specifically makes it disjunctive. And so you can have an improper motive. Well, then you have to answer my first question. Isn't evil subsumed under improper? Not at all, Your Honor. Okay. Why is that? Because evil is a more negative standard. It requires a certain amount of evilness, of negativity, of wanting to hurt someone. And that is not what improper does. Well, that sounds improper. It may be, but improper could be something as, you know, I didn't like what she was wearing that day. And that's why I did it. I mean, you have a criminal statute. That's the concern here. My client's in jail because of this. And she's in jail because of this, because she was convicted of that offense. And when you have that improper motive, that is not sufficient. I mean, it allows the jury to sit there and say, you know, essentially, I disapprove of what she did because, you know what, I wouldn't like that to happen to someone else. But that's not what a crime is. I mean, when Congress decides to put in an element of an offense and they put in something like malice, they do it for a purpose. And the court was guided by the Asuno case where they proposed that instruction with evil purpose or motive. Now, the government has responded that other instructions may be equally capable, but that doesn't mean any instruction is equally capable. And that's why the Tobin case, I think, gives some such guidance because it talks about this notion of basically making a bad faith effort. And that that was far too broad. And if you look at Black's Law Dictionary, they define improper as not suitable, unfit, not suited to the character, time, and place, which really is more mismanners than a criminal offense. I'd also like to touch as well on the notion of Well, I just saw in clear counsel, what is your view of what statute doesn't define malice? I don't think we have found any cases construing this specific statute and the use of malice in that statute. What do you think is the appropriate definition of malice? Evil purpose or evil motive. So it's the inclusion of the word evil that is essential to you? That's correct, Your Honor. I guess I go back to Judge Howard's question. How does that illuminate anything? What does evil mean? It means you want to hurt somebody, that you want to do something for, I mean, we think of evil, we don't use that term lightly. It's not, you know, not inviting somebody to your birthday party. It's doing something with it, with malice. I mean, malice is the original term. Improper does not capture that. Are you saying that evil references a consciousness of illegality? No, it goes beyond that, Your Honor. If it were just that, you wouldn't even need malice in the statute because you could just willfully do the threat without having any modifier with respect to the intent. And the fact that in this statute, they included malice, they were going beyond just simply doing the threat. You had to have a specific evilness to your purpose and to your motive. And it's that putting improper before the motive that dilutes that to a level that shouldn't rise to a level of criminality under the statute. It sounds like what's unusual about this statute, usually motivation is not an element of the offense. What you seem to be saying is that what's unusual about this statute is that motivation does become an element of the offense. Is that what you're saying? That's correct, Your Honor. The statute does talk about knowingly, knowing the information is false, acting willfully, which is a kind of intentionality, I guess. But then when it talks about maliciously, the jury actually has to make a finding about the motivation of the defendant, why the defendant did it. Yes, Your Honor, they do. Otherwise, why have the word malice in there at all? And that's what the Fourth Circuit grappled with in terms of defining malice in a similar statute and finding that it required this evil purpose or motive. And that is what the judge originally instructed and then backed off from that. So the court thought it right. It said motive was part of the analysis here, but just the adjectives weren't, the adjective wasn't strong enough. Well it wasn't strong enough. In fact, it was less than strong enough in a sense because it basically took it out of a criminal intent to something that could be a civil faux pas. Improper was not proper. I mean, had the judge wanted to and we were in the process of doing that when the verdict came back to determine something that would be equivalent, that's one thing. But our position is, and I think we would be well supported by the Fourth Circuit and certainly the Second Circuit, is that improper doesn't get to that level. It's not strong enough. It is not malice. Improper is not malice. Do you have off the top of your head what the evidence of malice was in this trial or the evidence of absence of malice or what the arguments to the jury were on malice? There was very little evidence of malice. The judge had made a reference to there might have been some motive against American Airlines. There was evidence here that my client who had no prior record, who had worked for American Airlines for ten years, what loved her job, loved American Airlines. She has an American Airlines tattoo. She has an American Airlines license plate. That she was the embodiment of American Airlines. I mean, it certainly would have been an issue for the jury, but there certainly wasn't a lot of evidence with respect to that. Thank you. Good morning, Your Honors, and may it please the Court. I'm here to speak on behalf of Kelly Lawrence for the United States. Addressing first the evidence of malice in the case, however defined, the defendant's confession, which was admitted at trial, in her own words, she explained that she had written the bomb threat not because she wanted another, I'm paraphrasing, not another line 11 to happen, but because she was angry that a ground crew worker had called her a name and she wanted to get him in trouble. That's what she wrote in her confession. That was pretty strong evidence for the jury to consider that she had acted maliciously in writing the bomb threat. That's in addition to the evidence that her fellow flight attendant had suggested that she wanted to get back at American Airlines. That was a smaller piece of evidence, but the confession itself certainly provided the jury with a basis for finding that she had acted maliciously. Regarding the definition and the instruction that the Court gave, the statute does not define maliciously. This statute doesn't, nor does Section 35B, which is the statute at issue, the Federal Bomb Hoax Statute at issue in the Hasanoa case in the Fourth Circuit. Nor does 18 U.S.C. Section 844I, which is a Federal Arson Statute, which is the subject of the Fourth Circuit earlier decision in Gullet, which the government relied on in suggesting that the common law definition of malice would be appropriate in this case. There is no settled definition of malice. It's used in a variety of different statutes. It's used to inform intent and motive and mens rea. In a variety of different cases this Court has spoken on, has equated maliciously with vexatiously under the Hobbs Act, Hyde Act, I'm sorry. It's used in terms of slander and libel. There are a number of different ways to talk about what malice means. And what the government suggested in this case, consistent with some reported decisions interpreting other similar statutes, is that where Congress hasn't spoken, and the government has not been able to find definitive congressional history, legislative history on this point with this statute, if Congress hasn't spoken in using a certain word, the courts typically use the common law meaning. And in this case, the common law definition, which the government recommended, was to act intentionally or with malicious intent. The district court in this case decided to adopt the defendant's proposed definition instead, which was taken from the Sand Treatise, and which said to act maliciously means to act with an evil purpose or motive. Sand references the Fourth Circuit decision in Hassanoua. And I think it's important to understand where the Fourth Circuit was coming from and where it ended up in that case. It was looking at Section 35B, Title 18, which is the bomb hoax statute. It has a subsection A, which is a misdemeanor provision, which has no mens rea or scienter element. And it has a subsection B, which was at issue in that case, which does have the whoever acts willingly and maliciously. The Fourth Circuit determined that by creating the two subsections and adding the scienter element in the felonies provision, Congress must have intended something more when it added the word maliciously. So the Fourth Circuit said it wasn't enough to just say that the act was intentional or reckless, because that would have been too similar to the misdemeanor provision. It had to be something more. In that case, the defendant had proposed evil purpose or motive. The Fourth Circuit said that seems like it would be a more accurate description, but it remanded for the district court to decide what instruction to give. The Fourth Circuit also said other formulations could be equally capable of conveying the necessary mens rea. So even if this court were to follow the Fourth Circuit's analysis and say that something more is required in this statute, which the government believes it does not have to do, nor should it, evil purpose or motive is only one formulation. And the way the court gave it in this case, evil purpose or improper motive, accurately reflected that. Well, doesn't the appellant have a fair point? There's a pretty big difference between evil purpose or motive, where evil modifies both purpose and motive, or what you have here was this destructive form, evil purpose or improper motive. I mean, the suggestion I think is unmistakable that those are two different possibilities. And from appellant's point of view, the second one is a much less exacting one and really incompatible with the notion of malice. Where did that destructive form come from? Did the government propose that? No, what happened originally is that the defendant proposed the SAN formulation from the Fourth Circuit case, evil purpose or motive, to define maliciously. And the court adopted that and said to act maliciously means to act with an evil purpose or motive. It means to do something that is knowingly wrong. And then as it gave its instruction further, it suggested that the defendant, the government had to prove the defendant had some malice toward American Airlines specifically, which the government objected to, saying that wasn't part of the crime. The defendant had to act maliciously, but didn't have to have malice toward American Airlines. So the court, when it restated its definition, it said evil purpose or improper motive. And that's in the disjunctive, meaning the motive, the malice toward American Airlines could be different from the evil or the purpose of her doing this that was maliciously. That's the interpretation that I have from that, is that the court was trying to separate out a motive toward American versus a general motive to do something maliciously. Nevertheless, the way the jury heard it was evil purpose or improper motive. But just simply to say that improper might connotate some standard of malevolence less than evil does not make the instruction incorrect, where the statute itself doesn't require evilness. It simply perhaps at the most requires something more than recklessness. An improper motive would satisfy that standard. The jury was not left to just say, did she act recklessly? The jury was required to find she at least had an improper motive or evil purpose. Is there any basis in common law attempts to define malice for equating malice with an improper motive? I mean, that's, I'd be surprised if you'd find any basis in any common law attempt to define malice that equated it with something arguably as innocuous as an improper motive. Well, an improper motive isn't innocuous. It's definitely something that's wrong. And the court had said, this is something that is knowingly wrong. And when you look at the definition in Blacks, it suggests that there's not just that it's wrong, but that it's without legal excuse or justification. And that's not exactly the sense that you're acting maliciously. It doesn't mean you're necessarily acting with an evil purpose, which Blacks also says is often not used in the legal sense. Normally malicious in the legal sense mean you're acting without legal justification or excuse. So you're doing something knowing you really shouldn't be doing it. You have no excuse for this other than to do it. And I would add that the court, when the defendant objected to the court's formulation, sorry, when the jury asked the question later, what are the four elements of the offense, e.g. malice, the defendant said it wanted to give, she wanted the court to give the evil purpose or motive instruction. The court said, that doesn't really define anything. I gave it. And I think it was correct, even with the improper motive piece. But it doesn't really explain to the jury anything more about what maliciously means. And the court proposed some formulations. Defense counsel asked for time to look at it. But at the same time, she acquiesced to sending the elements of the offense, the four elements, back to the jury so they could think about it. And she accepted the notion that only if they had further question would there be, would an additional instruction be necessary. So under the circumstances, the court's definition, which did reflect the legal standard and did impart something more than the common law definition to the extent that was required, properly informed the jury of the standard that was necessary here to find the defendant guilty. There are other issues raised in the defendant's brief. If you have any questions, I'd be happy to answer those. Otherwise, we'll rest on our brief. Thank you. The definition that went to the jury was improper motive. The judge refused my request to change that. The judge indicated that he might consider other definitions, asked, told me what those were. I asked to look at those. What went back were the elements of the offense. My understanding in a reading of that colloquy is that the judge was going to give another instruction. And the question was what it was going to be. Even if we hadn't sent back the four elements, the jury would have continued to deliberate. So the question is, is the judge refused to give the instruction that I requested. And that's the instruction that would have put it back into the Hassenel definitions. Counsel, an instructional error can be harmless. Why, in light of what opposing counsel has said is contained in the record, specifically in the confession as to why your client said she did this, why wouldn't that be construed as the malice contemplated by the statute? Because our argument would be that that doesn't show evilness as to against American Airlines. And that's what the judge was focusing on at the trial. And also that it doesn't have a level of evilness. Now, it may be improper, and that's part of the concern, is that, but in terms of the evilness or malice. Counsel, given our sensitivity to the possibility of wreaking havoc with airlines, the possibility of putting a bomb threat on a door, for apparently such a trivial reason, why couldn't a jury view that as evil? That's a pretty horrendous thing to do, particularly given the motivation that's revealed. Well and there's also, the jury could have determined that this was someone who had, who was, wanted to be a hero, who wanted to save people, and went to the captain with the information about the bomb. And in fact, the evidence of trial more strongly supports that, that this is someone who saw the bomb note, went to the captain, helped with the investigation. In fact, the greater evidence at trial, in large part, was her wanting to be the best flight attendant, and wanting to save people, and wanting to be the hero. And that's the evidence that was before, the greater evidence that was before the court. There were also some issues regarding the confession with respect to whether she was her levels, in terms of her sugar levels, and that was also before the jury's part of that. I mean, there were issues to that, and there's not a lot of time to go into that element, but that's all briefed by both parties. But that's really the push, it seemed, even from the government's perspective, was her going to the captain and wanting to be the hero. And I think that was one of the reasons why the government was so concerned about the judge focusing on malice against American Airlines, because it really was not, it was such a tiny part of the case. When you read the transcript, you can see how this was someone who took her job really seriously, someone who thought she was the best flight attendant, and wanted to be the one to tell the captain, wanted to be the one to save the people. With respect to whether there was a legal excuse or justification, all of the standards that the government sets forth may have been proper, but that is not what was said to the jury. And I think that's what makes this case so troublesome, is because it was not only said to the jury, but it was one of the very last things that was said to the jury before they went to deliberate, was this improper motive. And that's of concern. And the fact that the jury came back and did have some concern, in fact, specifically as to what the elements were, and the fact that they said, specifically, e.g. malice, gives us some insight into what they were focusing on. And therefore, the judge, at a minimum, should have changed it to improper, excuse me, evil purpose or motive. And if he wanted to give some other instruction, he could have done so. And that's the error in this case.